UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES A. HARNAGE, : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-cv-885 (SRU) |
| : | |
| JAMES DZURENDA, et al., : | |
| Defendants. : | |

### INITIAL REVIEW ORDER

The plaintiff, James A. Harnage, currently incarcerated at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this action *pro se* pursuant to 42 U.S.C. § 1983.  Harnage's motion to proceed *in forma pauperis* was granted on June 19, 2014. The plaintiff names as defendants Commissioner James Dzurenda, former Commissioner Theresa Lantz, former Commissioner Brian Murphy, Deputy Commissioner Carol Salisbury, Deputy Commissioner Robert Foltz, Deputy Commissioner Cheryl Cepelak and Attorney Sydney Schulman.   Only defendant Dzurenda is named in his official as well as individual capacity.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not

required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.     Allegations

Harnage asserts four counts in his complaint. In the first count, he alleges that, in June 2008, he became involved in divorce and child custody proceedings. The Department of Correction had entered a contract with defendant Schulman for Inmates' Legal Assistance Program to provide legal assistance to inmates in cases concerning their conditions of confinement. No assistance was afforded to male inmates in civil family matters, even though such assistance was provided to female inmates. Harnage contends that this policy violates state law and denies him his state and federal rights to equal protection. In the second count, Harnage alleges that the defendants conspired to violate his rights in violation of 42 U.S.C. §§ 1985 and 1986.

In the third count, Harnage alleges that defendant Schulman has retaliated against him for filing the state court action by denying him all legal assistance, legal copies or other support services. In the fourth claim, Harnage contends that the defendants conspired to retaliate against him, again in violation of sections 1985 and 1986.

II.    Analysis

     A.     <u>Claims Pursuant to 41 U.S.C. §§ 1985 and 1986</u>

Harnage specifically bases his second and fourth counts on violations of 42 U.S.C. §§ 1985 and 1986.  Section 1985 deals with conspiracies.  Harnage does not specify which subsection of Section 1985 was violated.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties, and Section 1985(2) prohibits conspiracies intended to deter witnesses from participating in state or federal judicial proceedings.  Since Harnage is not a federal official and his claims are not related to the participation of witnesses in judicial proceedings, the first two subsections are not relevant to this action.

Section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. In order to state a claim under this provision, a plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  Importantly, the plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus.  Section 1985 may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights.  *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Harnage bases his claim on gender discrimination.  The Supreme Court has not yet extended section 1985 to include gender discrimination.  *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 308 (1993) (Stevens, J., dissenting); *see also Rosenberg v. City of New York*, No. 09-CV-4016(CBA)(LB), 2011 WL 4592803, at *12 n.4 (E.D.N.Y. Sept. 30, 2011) (noting that question whether class-based animus encompasses gender discrimination

against women remains, at best, undecided in this circuit). In the circuits recognizing gender discrimination under section 1985, the protected class is women, not men. *See Rosenberg*, 2011 WL 4592803, at *12, n.4. Because neither the Supreme Court nor the Second Circuit has allowed a section 1985 claim to proceed based on gender discrimination against men, Harnage's section 1985 claims are dismissed pursuant to 28 U.S.C. § 1915A.

Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part). Thus, a prerequisite for an actionable claim under section 1986, is a viable claim under section 1985. Because the section 1985 claims have been dismissed, the section 1986 claims are dismissed as well.

      B.      <u>Claim Against Attorney Schulman</u>

In his third count, Harnage asserts a retaliation claim against Attorney Schulman. To state a claim under 42 U.S.C. § 1983, Harnage must allege facts demonstrating that defendant Schulman acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law when he exercises "some right or privilege created by the State . .. or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The plaintiff must identify a "*sufficiently* close nexus between the State and the challenged action" so the actions of the private defendant may fairly be attributed to the State. *Chan v. City of New York*, 1 F.3d 96, 106 (2d Cir.) (citation and internal quotation marks omitted), *cert. denied*, 510 U.S. 978 (1993).

The Supreme Court has identified several factors relevant to an attribution of private activity as state action.

> We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," when the State provides "significant encouragement, either overt or covert," or when a private actor operates as a "willful participant in joint activity with the State or its agents." We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," when it has been delegated a public function by the State, when it is "entwined with governmental policies," or when government is "entwined in [its] management or control."

*Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (internal citations omitted).

None of the enumerated factors support Harnage's position. A private attorney does not become a state actor merely because he is an officer of the court or has been appointed to represent an indigent litigant. *See Polk County v. Davidson*, 454 U.S. 312, 318 (1981) (holding that lawyer does not act under color of state law merely because he is an officer of the court); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (holding court appointment of private attorney to represent defendant in state criminal proceeding does not transform private attorney into state actor); *Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1157 (2d Cir. 1971) (although Legal Aid Society provides services that otherwise would be provided by the State, it does not act under color of state law).

Harnage alleges that defendant Schulman is under contract with the Department of Correction to provide legal assistance to inmates and provides legal assistance in accordance with the terms of that contract. In that capacity, defendant Schulman would be acting as the State's adversary, not its advocate. Harnage alleges no facts suggesting that any actions taken by defendant Schulman in defending a client would be orchestrated by the State of Connecticut or the Department of Correction or that any state official coerced him into representing inmates in any particular manner. Thus, defendant Schulman is not a state actor and Harnage's section

1983 claims against him must be dismissed.

      C.      <u>Equal Protection Claim</u>

Harnage challenges the fact that the contract between Inmates' Legal Assistance Program and the Department of Correction provided for representation for female inmates in civil family maters but does not provide such representation for male inmates. He states that in 2008, he was involved in divorce, visitation and termination of parental rights proceedings. Inmates' Legal Assistance Program would not represent him. Harnage does not indicate the precise period during which his family case was pending. The Connecticut Judicial Branch website shows that the action was filed on September 19, 2008, and concluded on April 16, 2009. Harnage represented himself in the proceeding and did not contest the dissolution. *See Harnage v. Harnage*, No. KNO-FA08-4109439-S (Conn. Super. Ct. Apr. 16, 2009), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=KNOFA084109439S (last visited June 20, 2014).

This claim appears to have been untimely filed. The limitations period for filing a section 1983 claim is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). The court generally refers to state law for tolling rules. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). Under Connecticut law, "a cause of action accrues when a plaintiff suffers actionable harm . . . . Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the defendant's conduct caused such injury." *Champagne v. Raybestos-Manhattan, Inc.*, 212 Conn. 509, 520-21, 562 A.2d 1100 (1989). Harnage was aware of the lack

of representation in 2008. Thus, the action appears time-barred. State law permits tolling for a continuing course of conduct or fraudulent concealment of the cause of action by the defendants. *See Macellaio v. Newington Police Dep't*, 145 Conn. App. 426, 430, 75 A.3d 78, 82 (2013). Harnage has not alleged any facts indicating any further injury after the conclusion of his state family law matter over five years before he filed this action. Thus, tolling of the limitations period does not appear to be warranted. The first count is dismissed without prejudice to repleading within 30 days facts sufficient to support a claim of equitable tolling.

## ORDERS

Accordingly, the court enters the following orders:

The complaint is **DISMISSED.** Counts two, three and four are **DISMISSED** pursuant to 28 U.S.C. § 1915A and count one is dismissed without prejudice to repleading within 30 days.

**SO ORDERED** this 9th day of July 2014, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill  
Stefan R. Underhill  
United States District Judge