UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES A. HARNAGE,            :
          Plaintiff,       :
                            :
    v.                     :       CASE NO. 3:14-cv-885 (SRU)
                            :
JAMES DZURENDA, et al.,     :
          Defendants.    :

RULING AND ORDER

       The plaintiff, James A. Harnage, currently incarcerated at the MacDougall-Walker

Correctional Center in Suffield, Connecticut, commenced this action *pro se* pursuant to 42

U.S.C. § 1983.  In his original complaint, Harnage asserted claims for violation of his right to

equal protection of the laws, denial of access to the courts, and conspiracy pursuant to 42 U.S.C.

§§ 1985 and 1986.  By Initial Review Order filed July 9, 2014, the Court dismissed all claims

filed pursuant to 42 U.S.C. §§ 1985 and 1986 and all claims against defendant Schulman

pursuant to 28 U.S.C. § 1915A and allowed the plaintiff to file an amended complaint regarding

his equal protection claim to show that the claim was timely filed.  The amended complaint was

to be filed within thirty days.   On August 8, 2014, Harnage filed a motion for reconsideration

and, on August 21, 2014, a motion to amend accompanied by a proposed amended complaint.

Also pending is Harnage's motion for appointment of counsel.

I.      Motion for Reconsideration

       In his motion for reconsideration, Harnage contends that the Court improperly raised the

timeliness of his equal protection claim and disputes the determinations that defendant Schulman

is not a state actor and that section 1985 is not applicable to gender discrimination.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Any new evidence must be "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012). A motion for reconsideration may not be used to relitigate an issue the court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007).

Harnage first argues that the Court erred in raising the statute of limitations *sua sponte*. The district court has the authority to dismiss a case *sua sponte* on statute of limitations grounds, even without allowing the plaintiff an opportunity to brief the issue, where the facts supporting a statute of limitations defense are raised in the complaint. *See Walters v. Industrial & Commercial Bank of China, Ltd*, 651 F.3d 280, 293 (2d Cir. 2011) (recognizing that "district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances). Harnage alleged that the matter in which he was denied legal representation occurred in 2009. He did not allege that the matter was ongoing.

With regard to prisoners proceeding *in forma pauperis*, the Second Circuit requires the district court to afford the prisoners an opportunity to be heard before dismissing a case *sua sponte* on statute of limitations grounds. *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). The Court complied with that requirement by affording Harnage the opportunity to amend his complaint with regard to this claim to allege facts demonstrating that the claim was timely filed. He has done so. The Court has complied with applicable law. Accordingly, reconsideration of

2

this issue is denied.

Harnage also challenges the Court's determination that defendant Attorney Schulman is not a state actor. He argues that defendant Schulman should be considered similar to the doctor in *West v. Atkins*, 487 U.S. 42 (1988). In *West*, however, the Supreme Court acknowledged that public defenders, although state employees, are not considered state actors because they act as the state's adversary, not its advocate. *Id.* at 50. Although Harnage correctly states that defendant Schulman's contract with the Department of Correction prevents him from representing any prisoner in a lawsuit, any assistance provided by defendant Schulman is in opposition to State interests because it would be used in litigation filed against the State. This distinction sets lawyers apart from other private individuals who provide services to prisoners under contract with the State. *See Losee v. Gallegos*, NO. 2:11-cv-00080-TC, 2014 WL 1338576, at *1 (D. Utah Apr. 3, 2014) (noting that court dismissed claims against contract attorneys used to provide legal assistance to inmates because contract attorneys were not state actors pursuant to § 1983). The request for reconsideration on this ground is denied.

Regarding the dismissal of the section 1985 and 1986 claims, Harnage merely disagrees with the decision. He acknowledges that neither the Supreme Court nor the Second Circuit has recognized section 1985 claims for gender discrimination. Because he has identified no law or facts overlooked by the court, the request to reconsider the dismissal of these claims is denied.

Harnage's motion for reconsideration is granted but, after careful review, the requested relief is denied.

## II.    Motion to Amend and Amended Complaint

Harnage has filed a motion for leave to amend accompanied by a proposed amended complaint. The motion for leave to amend is granted. The Clerk is directed to docket the

amended complaint.

The amended complaint includes all previously dismissed claims.  In the above discussion on Harnage's motion for reconsideration, the Court has declined to reinstate the claims against defendant Schulman and the conspiracy claims filed pursuant to sections 1985 and 1986.  Accordingly, those claims are dismissed from the amended complaint for the reasons stated in the Initial Review Order.  The case will proceed only on the claim for denial of equal protection against defendants Dzurenda, Lantz, Murphy, Salisbury, Foltz and Cepelak.

III.   Motion for Appointment of Counsel

Harnage seeks appointment of *pro bono* counsel in this case.  The Second Circuit has cautioned the district courts against the routine appointment of counsel and reiterated the importance of requiring an indigent to demonstrate the likely merit of his claims before counsel is appointed.  *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203-04 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997).  For example, even if a claim is not frivolous, "counsel is often unwarranted where the indigent's chances of success are extremely slim."  *Ferrelli*, 323 F.3d at 204 (citation and internal quotation marks omitted).

The current record consists only of the amended complaint.  At this time, the Court is unable to assess the likely merit of the plaintiff's claim.  Thus, the motion for appointment of counsel is denied without prejudice as premature.  The plaintiff may refile his motion at a later stage of the litigation.

IV.   Conclusion

Harnage's motion for reconsideration [**Doc. #7**] is **GRANTED** but the requested relief is **DENIED**.  His motion for appointment of counsel [**Doc. #5**] is **DENIED** without prejudice to refiling at a later stage of litigation.

4

Harnage's motion to amend [**Doc. #8**] is **GRANTED**.  The Clerk is directed to docket the amended complaint.  The case will proceed against defendants Dzurenda, Lantz, Murphy, Salisbury, Foltz and Cepelak on the equal protection claim in Count One only.  All other claims were dismissed in the Initial Review Order and are not revived by their inclusion in the amended complaint.

The Court enters the following orders relating to service of the amended complaint:

(1)      The **Clerk shall** verify the current work addresses of defendants Dzurenda, Lantz, Murphy, Salisbury, Foltz and Cepelak with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the amended complaint to each defendant at those addresses within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)      The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the amended complaint on defendant Dzurenda in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within **thirty (30) days** from the date of this order.

(3)      The **Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)      The **Clerk shall** send a courtesy copy of the Amended Complaint and this Ruling

and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within **seventy (70) days** from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 12th day of January 2015, at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge