UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES A. HARNAGE, : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-cv-885 (SRU) |
| : | |
| JAMES DZURENDA, et al., : | |
| Defendants. : | |

RULING AND ORDER

Plaintiff James A. Harnage commenced this action in June 2014. On July 9, 2014, the court filed its Initial Review Order dismissing all claims brought pursuant to 42 U.S.C. §§ 1985 and 1986 and all claims against Attorney Sydney Schulman. The court allowed Harnage to amend his complaint regarding his claim that the denial of family law services to male inmates violates his right to equal protection of the laws. On August 8, 2014, Harnage filed a motion for reconsideration of the dismissal. On August 21, 2014, he filed an amended complaint. In addition to elaborating on his equal protection claim, Harnage reasserted the claims previously dismissed. On January 21, 2015, the court denied the relief requested in the motion for reconsideration and ordered service of the amended complaint only with respect to the equal protection claim. On February 19, 2015, Harnage filed a notice of interlocutory appeal, a motion seeking entry of final judgment as to the dismissed claims and a motion to proceed *in forma pauperis* on appeal. On March 9, 2015, he filed a motion seeking to stay this action pending appeal. For the reasons that follow, Harnage's motions are denied.

I.       Motion for Entry of Final Judgment [Doc. #15]

Harnage asks the court to enter a partial final judgment on the dismissed claims to enable him to immediately appeal the dismissal.

As a general rule, "a final judgment is proper only after the rights and liabilities of all the parties to an action have been adjudicated." *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1024-25 (2d Cir. 1992). Rule 54(b), Fed. R. Civ. P., provides an exception by empowering the district court to enter judgment on some, but not all, claims or parties. Such a judgment is proper, however, "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In analyzing whether there is a just reason for delay, the court considers whether "immediate appeal would be 'in the interest of sound judicial administration.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 964 F. Supp. 2d 299, 317 (S.D.N.Y. 2013) (quoting *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992)). The court evaluates any undue hardship that the parties may suffer absent an immediate appeal as well as judicial efficiency. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). A Rule 54(b) exception is granted sparingly; "federal policy generally disfavors 'piecemeal' appellate litigation." *Ginett*, 962 F.2d at 1093.

In support of his motion, Harnage merely states that the dismissed claims are all distinct from the remaining claims. Merely because a claim may be separable from the as yet unresolved claims, does not mandate a finding that the claim is immediately appealable. *Curtiss-Wright Corp.*, 446 U.S. at 8. The remaining claim against various correctional officials concerns the disparate legal services provided to men and women prisoners. The claim against Attorney Schulman was for the denial of legal services with regard to a family law matter, services that are provided to women prisoners. Thus, although Harnage specifically excluded Attorney

Schulman from the count of the complaint addressed to the correctional officials, those claims are not distinct. There is no reason to disregard the well-established policy of avoiding piecemeal appellate litigation. Harnage's motion for entry of judgment is denied.

II.     Motion to Proceed *In Forma Pauperis* on Appeal [Doc. #16]

An appeal may not be taken *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Second Circuit has instructed the district courts that

> an application for leave to appeal in forma pauperis will have sufficient substance to warrant consideration only if, in addition to an adequate showing of indigence and of citizenship, it identifies with reasonable particularity the claimed errors which will be the basis for the appeal. If these requirements are satisfied, and if on consideration the trial judge is conscientiously convinced that there is no substantial question for review and that an appeal would be futile, or if he is convinced that there is no reasonable basis for the claims of alleged error, it is the duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith.

*United States v. Farley*, 238 F.2d 575, 576 (2d Cir. 1956) (internal citations and quotation marks omitted).

There is no basis for the court to grant *in forma pauperis* status for the interlocutory appeal. After conducting an initial review of the complaint pursuant to 28 U.S.C. § 1915A, I dismissed all claims against Attorney Schulman because he is not a state actor and, therefore, not subject to suit under 42 U.S.C. § 1983.[1] Harnage has since filed a lawsuit against Attorney Schulman in state court. *See* Doc. #10 at 6, ¶44. I dismissed all claims pursuant to 42 U.S.C. §§ 1985 and 1986 because there was no factual basis for the claims.

Because, following section 1915A review, I held that the dismissed claims were not

---

[1] Harnage specifically states that he is bringing suit under section 1983. *See* Doc. #10 at 4, ¶25.

3

plausible, an appeal *in forma pauperis* from that order would not be taken in good faith. Accordingly, Harnage's motion is denied.

III.     Motion for Stay Pending Appeal [Doc. #20]

Harnage also seeks a stay of this proceeding during the pendency of his interlocutory appeal. Issuance of a stay is committed to the discretion of the district court. *See Niken v. Holder*, 556 U.S. 418, 433 (2009). In evaluating a request for a stay pending appeal, the district court evaluates four factors: (1) the likelihood of success on the merits of the appeal; (2) irreparable injury should a stay be denied; (3) substantial injury to the party opposing the stay should a stay be granted; and (4) the public interest. *See Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002).

In support of his motion, Harnage only states that the questions on appeal relate to any discovery he might seek and argues that he could be "irreparably prejudiced if this matter proceeds while the appeal is pending. He does not explain the nature of the possible prejudice. Delay in prosecuting a case against defendant Schulman or possibly increased litigation expenses do not constitute irreparable injury. *See L-7 Designs*, 964 F. Supp. 2d at 320 (citing cases for the proposition that delay and litigation expenses do not establish irreparable harm). Nor, in light of the determination that the dismissed claims were not plausible, has Harnage demonstrated a likelihood of success on the merits of of his appeal. The request for stay pending appeal is denied.

IV.     Conclusion

Harnage's motions for entry of final judgment [**Doc. #15**], leave to proceed in forma pauperis on appeal [**Doc. #16**], and stay pending appeal [**Doc. #20**] are **DENIED**.

**SO ORDERED** this 7th day of April 2015, at Bridgeport, Connecticut.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
